**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 02-0819-WS-B** |
| | ) | |
| **12.80 ACRES OF LAND, MORE** | ) | |
| **OR LESS,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on certain defendants' Motion to Reconsider March 3, 2005 Judgment (doc. 60). The Motion reflects that the Heirs of Willie Mack McGruder, Calvin McGruder and Alphonso McGruder, by and through their counsel of record, object to the allocation of just compensation proceeds decreed in the Order and Judgment (docs. 58 & 59) dated March 3, 2005. In support of their objections, the movants adopt a three-pronged strategy of offering additional evidence and testimony, disagreeing with several of the Court's legal conclusions, and insisting that the allocation of funds should be adjusted to account for attorneys' fees and a purported March 2003 McGruder family agreement.

**Newly Presented Evidence**

As an initial matter, the movants submit three witness declarations (one from each line of objecting heirs) and a number of exhibits reciting numerous additional facts not presented at trial, all of which they contend warrant a different distribution of just compensation proceeds than that specified in the Judgment. The fundamental problem with these submissions is that all of this evidence could and should have been presented at the non-jury trial conducted on February 25, 2005. The time for coming forward with evidence in support of a party's position is at trial, not two months later via a motion to reconsider. Indeed, the entire purpose of a trial is to allow all parties an opportunity to present all of their proof at one time and place, so as to allow for just and expeditious resolution of

disputes.  The procedural rules of federal courts do not allow parties to take multiple bites at the apple simply because they are dissatisfied with the outcome the first time around.  A contrary rule would allow for endless "do-overs," as disappointed litigants would continually come forward with additional evidence that they claimed warranted a different outcome.  Judgments would never become final, and federal courts would be mired in a cycle of perpetual déjà vu as they contemplated newly raised evidentiary wrinkles on the same cases over and over again.

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly.  *See United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").  The Eleventh Circuit has declared that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during [trial]."  *Cumulus Media, Inc. v. Clear Channel Communications, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (quoting *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997)).  Thus, the rule in this circuit is that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."  *Rossi v. Troy State University*, 330 F. Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).

The Court's understanding from counsel's representations at trial is that all McGruder heirs received actual notice of the date, time and place of the non-jury trial held on February 25, 2005.  A substantial number of heirs (including representatives of the Calvin McGruder, Willie Mack McGruder, and Alphonso McGruder family lines) actually attended the trial, along with their counsel of record.  At trial, all parties were afforded a full, fair opportunity to present whatever testimony, documentary evidence or argument they deemed appropriate, and several McGruder family members (including declarant Ruby M. Wilson, an heir of Willie Mack McGruder) availed themselves of that opportunity.

The Court did not deny any defendant the opportunity to present evidence or testimony.

Nonetheless, the movants now proffer substantial additional evidence and testimony that was never offered at trial.  The declarants explain this omission by indicating that they wished to "preserve family harmony" and that they made a tactical decision that no further evidentiary showing was necessary on their part because they believed the Court would afford primacy to the written deeds they offered into evidence.  (Wilson Decl., at 6; Snowden Decl., at 1; Shaw Decl., at 2.).  Those explanations, however sound they may be on a diplomatic or strategic level, do not constitute good cause for the movants' failure to present this evidence at trial.  Accordingly, pursuant to the *Mays* line of authority cited above, the Court will not reconsider its Order and Judgment on the basis of the newly presented evidence, all of which could have been offered at trial but was not.[1]

### Objections to Legal Conclusions

Movants also object that the Court erred by not allocating just compensation funds in accordance with written deeds, by considering hearsay testimony, by allocating no funds to certain heirs who failed to appear in or respond to this action despite notice of same, and by distributing funds in a manner that certain heirs feel is unfair.  The Court took pains in its 15-page decision to set forth the analysis and legal reasoning underlying each of the determinations to which objection is now made.  Although the Court understands that movants are unhappy with those rulings, nothing in their filings persuades the undersigned that any of the challenged determinations were legally incorrect or otherwise erroneous, or that they should be revisited at this time for any reason.[2]  Reconsideration is not

---

[1]       Declarant Shaw suggests that movants ought to be allowed to present additional evidence now because the trial testimony of Carl McGruder was a surprise.  But her contention that "[w]e were not prepared for such statements" is unavailing.  (Shaw Decl., at 2.)  Had they chosen to do so, the parties could have taken discovery to ascertain the evidence on which each line of McGruder heirs intended to rely at trial.  Their failure to do so does not constitute an unfair surprise warranting exclusion of that testimony, or post-trial supplementation of the record.

[2]       For example, with regard to the Court's consideration of unobjected-to hearsay testimony, declarant Wilson states that her expectation at trial was that the Court "would weed out all non-credible and hearsay evidence" without the need for any objection by the parties.  (Wilson Decl., at 3.)  The Court certainly did weigh the credibility of all evidence presented at trial; therefore Wilson's suggestion that it did not is incorrect.  Moreover, neither the Federal Rules of Evidence nor the Federal

warranted on this basis.

## Requested Adjustments

Finally, movants ask the Court to withhold certain amounts from distribution to cover their attorney's contingency fee and to effectuate a purported March 2003 family agreement to set aside 30% of the just compensation proceeds for other purposes.  (Wilson Decl., at 6; Shaw Decl., at 3.) Attorney-client fee arrangements are to be administered by counsel and client.  This Court does not generally extract and separate attorney's fees from any judgments that it may enter in a party's favor, nor does it conduct judicial inquiry or make findings of fact concerning those arrangements.  In any event, the Court is confident that the parties and their counsel are capable of distributing proceeds of the Judgment in this case in accordance with the terms of any fee agreement they may have, without specific instructions from this Court.  As for the alleged family agreement to devote 30% of the just compensation proceeds to development of other family lands, no evidence of that agreement was offered at trial, and movants' attempt to do so now is untimely and improper.  Given the belated manner in which this issue was injected into the lawsuit, the Court is no position to make factual findings or legal conclusions about the existence and effect of the alleged March 2003 agreement without allowing all McGruder heirs to respond, which would be tantamount to conducting another trial. Movants are not entitled to another trial, and any adjustment to the Judgment on the basis of one defendant's post-trial representation about this purported agreement would be improper.  Movants' attorney fee arrangement and the alleged March 2003 family agreement are therefore not valid grounds for reconsideration.

## Conclusion

For all of the foregoing reasons, the Motion to Reconsider (doc. 60) is **denied**.  Because movants' Motion to Reconsider was not filed within 10 days after entry of Judgment, it did not toll or suspend the time for appealing from that Judgment.  *See* Rule 4(a)(4)(A)(vi), Fed.R.App.P. (explaining

---

Rules of Civil Procedure impose a duty on a trial judge to "weed out" hearsay evidence of its own volition; to the contrary, it is the parties' responsibility to lodge any hearsay and other evidentiary objections they might wish to make.  Their failure to do so (as in this case) results in waiver of those objections.

that a motion for relief under Rule 60 suspends the time for filing an appeal only "if the motion is filed no later than 10 days after the judgment is entered"); *United States v. Grable*, 25 F.3d 298, 301 (6th Cir. 1994) ("A motion for post-judgment relief under Rule 60(b) of the Federal Rules of Civil Procedure does not toll the running of the time for an appeal from the original judgment" unless the motion is filed within 10 days after entry of judgment).  Because the underlying Judgment was entered on March 3, 2005, some 74 days ago, the time for appealing from that Judgment has now expired.[3]  There is therefore no reason for the just compensation funds to remain on deposit in the Court Registry, and no reason why those funds cannot be distributed in accordance with the Judgment at this time.

At trial, attorney Collins Pettaway, Jr. expressly represented to the Court that he had authority from the McGruder family for his law firm to receive the funds in the Court Registry and to disburse those monies in accordance with the orders of this Court.  On the strength of that representation, the Clerk's Office is hereby **directed** to release the entire $135,000 held in the Court Registry in this matter to attorney Pettaway, such transfer to be made by check payable to Chestnut, Sanders, Sanders & Pettaway, P.O. Box 1290, Selma, AL 36702.  Attorney Pettaway is **ordered** to disseminate those funds to his clients in accordance with the Judgment entered on March 3, 2005, subject to any fee agreements that might exist.

DONE and ORDERED this 16th day of May, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]      Of course, this Order is subject to appeal.  Under unambiguous precedents, however, any appeal from this Order would not reach the merits of the underlying Judgment.  *See American Bankers Ins. Co. of Florida v. Northwestern Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) ("An appeal of a ruling on a Rule 60(b) motion, however, is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review."); *LaFleur v. Teen Help*, 342 F.3d 1145, 1153-54 (11th Cir. 2003) ("Our review of the district court's decision on the post-judgment motion does not include the underlying judgment or prejudgment orders.").  The Judgment is now final.